*1025 The opinion of the court was delivered by
Breaux, J.
The plaintiffs, assignees of the Houston Central, Arkansas & Northern Railway Company, sue the defendants to compel them to assess and cause to be collected and paid over to them a tax of 5 mills on all taxable property in the city of Monroe for one year.
On the first day of March, 1888, the City Council adopted an ordinance, upon the petition of a required number of tax-payers, calling an election under the laws of the State, and submitting the proposition to the property tax-paying electors of the city, of voting a five-mill tax for ten years in aid of the Houston Central, Arkansas & Northern Railroad.
The ordinance directed the returning officer to provide ballot boxes and appoint commissioners of election to write down the names of voters and make returns of election.
The returning officer for the parish of Ouachita, in 1888, testifies that commissioners were appointed and the election held on the tenth day of April, 1888.
That all the prerequisites to the election were complied with.
That he certified the result in writing to the Mayor and City Council.
The Mayor corroborates the statement as to the returns in testifying that the returning officer appeared at the meeting of the City Council and handed in the returns of the election.
The plaintiffs obtained an order of the court, directed to the Mayor and to the secretary and treasurer, to produce and deliver in court the returns to the council by the commissioners of election, and the returns of the returning officer, whereby he expected to prove that the result of the election was largely in favor of the tax.
These officers state in answer to the order that they have made diligent search for the documents referred to in the order and have not found them.
The secretary and treasurer avers that he entered upon the discharge of the functions of his office on or about the 14th May, 1888.
That there were held four meetings of the City Council from and between April 10, 1888, and the 14th day of May of that year, when he became an officer of the Council.
That there is no record or mention in the minutes of the receipt or filing of any of the documents referred to in the order.
It is admitted that the ordinance book does not contain any ordi *1026 nance promulgating the result of the election or mentioning the re - turns of the election.
The plaintiffs incorporate the ordinance under which the election was held in .their petition, and they aver that “ the result of the said election being in favor of voting said tax was duly promulgated by the Mayor and City Oouncil of Monroe, La., as prescribed by law.”
Further, that the assignors to plaintiffs began and prosecuted in good faith the building of the railroad in the parish of Ouachita and in the city of Monroe within ninety days after the promulgation of the vote.
We eliminate the other issues of the ease and direct our attention in reaching a conclusion to questions relating to and growing out of the fact, that, there has not been as yet any promulgation of the return of election.
Estoppel.
Before the trial the plaintiff interposed a plea of estoppel.
The City Council adopted an ordinance in which they declared that the ordinance 641, approved March, 1888, ordering an election for and authorizing the assessment of a five-mill tax for ten years on the property in the city of Monroe for plaintiffs’ assignor is repealed and all rights thereunder forfeited for the reason that they had failed to comply with the conditions upon which the tax was authorized.
The plaintiffs contend that the defendants are estopped from denying that an election was held and a tax voted.
That in undertaking to repeal the ordinance they have admitted its legality and binding effect.
That by declaring the forfeiture of the tax and seeking to repeal the ordinance under which it was voted, they are estopped.
The District Court everruled the plea of estoppel.
The judgment on the merits was pronounced in favor of plaintiffs for one year’s tax.
From the judgment the defendants appeal.
Our views coincide with the action of the District Court in. overruling the plea of estoppel.
The truth of the proposition that the attempt at repeal did not affect any of the rights the plaintiff may have had is self-evident.
The counsel based their release from the burden of this tax upon other grounds than the alleged informality of the election.
*1027 They declared that the railroad company had not complied with its contract, and that as a result they were released.
This declaration did not have the effect plaintiffs’ counsel intended it to have.
A municipal corporation seeking release from taxation on the ground that the tax is not due — that the consideration of the contract has failed, is not estopped from defending upon other grounds than want of consideration. Error in repealing or attempting to repeal an ordinance can not be made the basis of taxation.
Conceding, argumenti gratia, that the plea of estoppel was well taken, and that it should be sustained as to the municipality, it would not bind the tax-payer.
It is beyond the power of a municipality to thus bind them.
Touching the authority of municipal corporations, Mr. Dillon says:
14 The general principle of law is settled beyond controversy, that the agents, officers, or even City Council of a municipal corporation can not bind the corporation by any contract which is beyond the scope of its powers. The opposite doctrine would be fraught with much danger and accompanied with such abuse that it would soon end in the ruin of municipalities or be legislatively overthrown.”
The power of taxation is a part of sovereign authority.
Declarations in the attempt to repeal ordinances can not have the effect of supplying complete omissions to record proceedings, although they may be supplied by other testimony.
Dillon on Municipal Corporations, Vol. 1, p. 370, et seq.
In reference to silence when it is the duty of the party to speak, and of its being equivalent to concealment, and operating an estoppel as argued by plaintiff’s counsel.
We deem it answer to state that—
The party who contracts with a municipal corporation is without right to invoke the silence of its council and its failure to give proper notification of a want of formality as a reason to compel the taxpayer to pay tax, although not legally declared and announced.
He can compel compliance.
Save the first ordinance ordering the election, no record was kept.
It does not appear of record that anything more was done than to order the returning officer to deliver the returns to the secretary.
There was no compilation made of the returns.
*1028 In reference to them the returning officer says that they, to the best of his knowledge, were delivered to the secretary, a,nd adds: “I
announced the result of the election verbally is what I mean by promulgating the election.” He does not state whether the election was carried for or against the tax.
The only remaining testimony upon the result of the election is the following by counsel during the trial:
“It is admitted that there have been three different councils elected since the tax in controversy was voted.”
The admission was directed to the different councils elected.
It can not be determined that the remainder of the sentence sufficiently announces the result to fix the responsibility of the taxpayer.
Official Promulgation.
Our examination of the record has not resulted in our discovering any testimony establishing that the election was carried for the special tax.
The statutes command that the municipal authority shall make public and official promulgation of the result. Art. 84 of 1880; Art, 44 of 1886.
Sec. 9 of the ordinance of special election provides for an official promulgation of the returns.
This ordinance must be read in the contract between the parties. It imperatively includes promulgation. The law and the contract have made it a condition precedent to the final action of the council imposing the tax. Mandamus will lie to compel compliance with the statutes and the terms of the contract, but the tax-payer can not be made to pay the taxes prior to official promulgation of the result of the special election.
Relative to removing a parish seat in one of the parishes it was required of the police jury to proclaim the result of the election. Act 33 of 1888.
This court determined that the result of the election should be officially announced, and gave its special sanction to the enforcement of that provision of the act.
We quote from Davis, Mayor, vs. Police Jury, 42 An. 971:
“It is evident that no compilation of the votes, as contemplated and required by Act 33 of 1888, was made. No result was declared *1029 or proclaimed by any order or vote of the police jury. State ex rel. Davis vs. Police Jury, 43 An. 1010.
The functions of police juries and city councils in the matter of holding special elections are of importance.
In the absence of statutory authorization to the courts in determining contests in matter of election much is left to them in determining whether or not a special tax has been voted.
The extent of the authority is interpreted in a number of cases. 13 An. 89; 41 An. 846; 43 An. 1009; 44 An. 863.
In the case at bar these decisions are referred to as supporting plaintiff’s contention that this court is without authority over contested election to determine the result.
This emphasizes the importance on the part of these bodies of complying strictly with the forms prescribed, and of their not treating as merely directory the compilation of the votes they should make and the official proclamation of the result.
It may be asked, what is the practical usefulness of the ruling?
The answer at once suggests itself. It is a compliance with the law’s requirement.
Moreover, it places the seal of approval on the different acts preceding the proclamation; keeps a record of that of which a record should be kept; a memorial of a levy of taxes, of the different steps taken in lending aid to improvements, of which a. community should have a complete and ready reference.
There is safety in adhering to the letter of the statute in the exercise of a comprehensive grant of power, such as that conferred upon the municipalities in the imposition of special taxes by submitting the levy to a special election.
The conclusion is well supported; official promulgation should be made, and a record kept of the promulgation.
The duty concerns the corporation, the tax-payer and the party contracting.
For reasons assigned it is ordered and decreed that the judgment appealed from be annulled, reversed and avoided, and plaintiffs’ suit is dismissed without prejudice to any legal right they may have to take such legal proceedings as the law may allow to compel the Oity Council to promulgate the election.
Plaintiff and appellee to pay the cost of both courts.